RECEIVED
2015 OCT -7 PM 12:53
U.S. COURT OF APPEALS
FOURTH CIRCUIT

October 7, 2015

United States Court of Appeals
for the Fourth Circuit
1100 Main Street
Richmond, Virginia23219

# URGENT! ACT NOW!!

Re: RULE 21 WRIT OF MANDAMUS AND PROHIBITION

**ATTENTION**: Clerk of the Court

Please find attached hereto appellant's *"Writ of Mandamus and Prohibition"* per telephone conference of the 5th day of October, 2015.

This requires immediate attention to prevent lower court entry of order on Friday, October 9, 2015. Your prompt and immediate action on this matter will be greatly appreciated

Resectfully submitted,

/s/ Ray Elbert Parker
Ray Elbert Parker,
Appellant

1204 South Washington Street
Suite 604 W
Alexandria, Virginia 22314
(703) 328 - 2366

Enclosurs: Petition copy

RECEIVED
COURT OF APPEALS
FOURTH CIRCUIT

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
# (RICHMOND, VIRGINIA)

**IN RE RAY ELBERT PARKER,**

Appellant pro se

v.

**HUNTING POINT APARTMENTS, LLC ET AL,**

Appellees

CA No.____________________
(U. S. Dist. Court CA No. 1:15cv590)

## PETITION FOR WRIT OF MANDAMUS AND PROHIBITION

**COMES NOW** Appelllant, *In re Ray Elbert Parker pro se*, and petitions the above-named Court this **7th day of October, 2015,** for a writ *of mandamus and prohibition* pursuant to **Rule 21** of the Federal Rules of Appellate Procedure to give a new car smell to the act, acts, conduct and *prejudicial* behavior of appellees', and the court itself, to deny the most fundamental rudiments of the Constitution of the United States, statutory law, Federal Rules of Civil Procedure and the local rules of the Unted States District Court for the Eastern District of Virginia, Alexandria, Virginia, under the guise of misunderstood *"rocket docket"* expediency and judicial misconduct, as applied; and, appellant states the following:

I

## BRIEF STATEMENT OF FACTS NECESSARY TO UNDERSTAND ISSUE PRESENTED BY THIS PETITION

Appellant, *Ray Elbert Parker pro se*, is an 87 year old *Korean War* veteran, a federal government retiree, and a life-long citizen of the Commonwealth of Virginia domiciled in Alexandria, Virginia.

The well- drafted complaint pursuant to **Rule 8** of the Federal Rules of Civil Procedure, filed in the Court below on the **6th day of May, 2015,** with the complaint amended in accordance with law, was based on *personal injury* caused by exposure and inhaling of asbestos resulting in life-threatening *dysphagia;* and, the complaint raised a constitutional issue *in the first instance* on the issue of *gentrification.*

Appellees', and the court itself, immediately began *obstruction of justice* to prevent the properly executed *summons* and *complaint* from being served upon parties essential to the litigation. The sole purpose of service of summons and complaint *only* to give parties notice of suit, nothing more. Ultimately, service was completed, but only as the result of voluminous pleadings by plainiff was it accomplished.

Private sector appellees' filed a *motion to dismiss* on the **6th day of June, 2015,** which will be disposed of on Friday, the **9th day of October, 2015,** on the papers alone as well as appellees' vexatious *motion of the* **8th day of September, 2015** *for Pre-Filing Injunction Against appellant* to ban him forever from filing pleadings in this cause of action unless approved by the court, or to be present in the court house itself. The court, by arbitrary, capricious and illegal violation of the Federal Rules of Civil Procedure forced Mr. Parker's counter- motion against *pre-filing injunction* to be heard before an *unauthorized* Magistrate Judge on the **2nd day of October,** a "divide and conqueor" tactic to clear the

way for dismissal of this action to cover-up rappellees', and the court's, disrespect for the lawyr-judge oath to uphold the law.,

Appellant submits that the entire docket sheet and the court orders on record support this motion as a *prima facie* case of judicial misconduct, judiial prejudice and willful intent by both appellees' and the court to deny rights embedded in the Constitution of the United States and the Federal Rules of Civil Procedure in the lower court; and, justifying intervention by this honorable court. Courts used to be where judges listened to the facts carefully and decided cases honestly. Judicial corruption can be subtle, but it can take on equally destructive forms.

What you have present in the record is a gross failure to grant due process, ignore service of susmmons and complaint disobedience, ignoring evidence, twisting rules and procedure, obstruct the record, retaliate, manufacture facts, flawed self-serving discretionary suppositions and judgments, allowing infirm claims or dismissing valid ones, denial of discovery, denial admissions of evidence, usurpting jury as trier fact, abuse of power to decide law, mischaracterize pleadings, engage in ex parte communication, misapply the law and struttin' while sitting down with pride they're above the law. *United States of America v. Richard M. Nixion, President of the United States,* 418 U. S. 683 (1074).

## II

## ISSUES PRESENTED TO THIS HONORABLE COURT

1. Whether federal judge, with life tenure and immunity, can deny a pro se litigant the right under the Constitution of the United States to petition the court for grievances or alternatively, whether judges have taken control of the "right"to assert your guaaranteed inalienable rights?

2. Whether a United States Magistrate Judge, being dispositive of motion in-part for pre-trial filing injunction, and in effect dismissal, *without consent of* the parties, is in direct violation of the *Federal Magistrate Judge Act*, 28 U. S. C., Section 636 (b) (1) (A) and Rule 73 of the Federal Rules of Civil Procedure?

3. Whether a federal judge, who denies all discovery whatsoever, denies any and all oral argument whatsoever, ignores all relevant affidavits, pleadings and fails to enforce appllees' duty to answer complaint, respond to motions, appear in court & allowing them to "do nothing" whatsoever are entitled to a motion to dismiss?

4. Whether a motion to dismiss can be granted when parties served take no action whatsoever in response to the summons and complaint or pending motions prior to granting dismissal?

5. Whether malicious intent to obstruct or deny due process by *pre-filing injunction* raises both a legal and moral dimension in litigation when the purposes is to control a appellant's rights in ongoing case violative of the Constitution of the United States and the applicable Federal Rules of Civil Procedure?

## III

## RELIEF SOUGHT BY APPELLANT

Appellant moves this honorable court to immediately grant the relief as follows:

1. Void any and all orders issued by the United States Magistrate Judge, without consent, including removal from this case;

2. Remand and reassign this case to a new judge based on the "realities of the situation" that the prejudicial attitude is irrreparably harmful;

3. Void any and all attempts for pre-filing injunction prejudicial to appellant and his cause of action;

4. Reverse the granting of motion to dismiss as void based on judicial and respondents' violations under the Federal Rules of Civil Procedure.

# IV

## REASONS WHY WRIT SHOULD BE GRANTED

Appellant moves this honorble court to grant the motion to avoid a travesty of justice resulting from both *personal injury* by dysphagia from asbestos exposure and inhalation directly traceable to appellees' and the constitutional issue *in the first instance* relating to *"gentrification."*

*Dysphagia* is not reversible and dismissal of this cause of action would cause appellant irreparable harm after being subjected to "harm's way" by appellees'. The *"rocket docket"* always had the good reputation of expediency with fairness, justice and a reputation for "comforting the afflicted and afflicting the comfortable," not "victimizing the innocent" and "deitizing the guilty."

The lower court docket record and court orders are incorporated herein in support of this motion, as if fully stated again.

**WHEREFORE,** the premises considered, Appellant prays that the Court grant the petition and order that both the pre-trial injunction and the *motion to dismiss* for the district court docket of the **9th day of October, 2015,** be denied, vacated and remanded on grounds and for reasons above.

I, *Ray Elbert Parker pro se,* have this **7th day of October, 2015,** served copies of this petition on the apellee judge and all other parties whatsoever to the action in the trial court.

Respeectfully submitted,

/s/ Ray Elbert Parker
Ray Elbert Parker,
Appellant

1204 South Washington Street
Suite 604 W
Alexandria, Virginia 22314
(703) 328 - 2366

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
# (RICHMOND, VIRGINIA)

| | | |
|---|---|---|
| **IN RE RAY ELBERT PARKER,** | ) | |
| | ) | |
| Petitioner pro se | ) | |
| | ) | |
| v. | ) | CA No.________________ |
| | ) | (U. S. Dist. Court CA No. 1:15cv590) |
| | ) | |
| **HUNTING POINT APARTMENTS, LLC** | ) | |
| **ET AL,** | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, *Ray Elbert Parker,* hereby certify, under oath and penalty of perjury, that a true copy of the attached pleading has this 7th **day of October, 2015,** been sent by first class United States mail, postage prepaid, to the following:

1. ***The Honorable Claude M. Hilton,***
   Senior United States District Judge
   United States District Court for the
   Eastern District of Virginia, Alexandria Division
   Albert V. Bryan U, S. Court House
   401 Courthouse Road, **800**
   Alexandria, Virginia 22314

   and

2. ***The Honorable Ivan D. Davis,***
   United States Magistrate Judge
   United StatesDistrict Court for the
   Eastern District of Virginia, Alexandria Division
   401 Courthouse Road, **300**
   Alexandria, Virginia 22314

and

3. ***Eric Lawrence Klein, Esq.***
BEVERIDGE & DIAMOND P. C. (D. C.)
1350 I Street, N. W.
Suite 700
Washington, D. C. 20005 - 3311
(202) 789 - 6190

and

4. ***Tasha Gibbs, Esq.***
Assisstat United States Attorney
Office of the Unied States Attorney for
the Eastern District of Virginia
21 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299 - 3831

Respectfully submitted,

/s/ Ray Elbert Parker
Ray Elbert Parker,
Appellant

1204 South Washington Street
Suite 604 W
Alexandria, Virginia 22314
(703) 328 - 2366